IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| DARIAN TOWNES, | : |
| Plaintiff, | : |
| v. | : CASE NO: 7:24-cv-36—WLS-ALS |
| Warden HEATHER DAVIS, *et al.*, | : |
| Defendants. | : |

## ORDER

Before the Court is *pro se* Plaintiff's Motion of Out of Time for Reconsideration (Doc. 37) ("Motion to Extend Time"), which, as best the Court can determine, is a request to permit Plaintiff to file a late appeal with respect to the Court's Order (Doc. 33) ("Appealed Order") entered June 25, 2025. Also before the Court is Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 39) ("IFP Motion," and together with the Motion to Extend Time, the "Motions"), both of which were docketed in this Court on August 27, 2025. Finally, Plaintiff's Request for Certiorari (Doc. 38) ("Notice of Appeal") was also docketed in this Court on August 27, 2025.[1] Plaintiff is currently incarcerated at Valdosta State Prison.[2]

I.   MOTION TO EXTEND TIME

Under the Federal Rules of Appellate Procedure, a notice of appeal must be filed with the district clerk within 30 days after entry of the judgment or order appealed from. Fed. R. App. P. 4(a)(1)(A). The district court may extend the time to file a notice of appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and . . . that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). "No extension under

---

[1] The Motions and Notice of Appeal are all stamped as received August 25, 2025, by the United States Court of Appeals for the Eleventh Circuit. The Eleventh Circuit Clerk of Court forwarded these documents to this Court advising Plaintiff that pursuant to Appellate Rule 4 notices of appeal must be filed with the district court. (*See* Doc. 38-2).

[2] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing. Absent evidence to the contrary, we assume that the prisoner's filing was delivered to prison authorities the day he signed it." *Daker v. Comm'r, Georgia Dep't of Corr.*, 820 F.3d 1278, 1286 (11th Cir. 2016) (citation and internal quotation marks omitted).

1

this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).

As noted above, the Appealed Order was entered June 25, 2025. Plaintiff's Notice of Appeal was received by the Court of Appeals on August 25, 2025. Pursuant to Federal Rule of Appellate Procedure 4, the Notice of Appeal is considered filed in this Court on August 25, 2025. Fed. R. App. P. 4(d) (where notice of appeal is erroneously filed in the court of appeals, the clerk notes thereon the date such notice was received, sends it to the district clerk, and the notice is considered filed in the district court on such date). Thus, under the Appellate Rules, the deadline for Plaintiff to have filed his Notice of Appeal was Friday, July 25, 2025, and the deadline for Plaintiff to have moved for an extension of time to file his Notice of Appeal was 30 days later, or Monday, August 25, 2025. Fed. R. App. P. (a)(5)(A). Therefore, the Court considers Plaintiff's Motion to Extend Time to have been timely filed, albeit in the wrong court.

Insofar as whether Plaintiff has stated good cause to grant the requested extension, Plaintiff states that due to the delay in receiving mail at VSP, he did not receive the Appealed Order until July 14, 2025, which the Court finds satisfies the good cause requirement. The Court cautions, however, that in all future filings the Plaintiff should ensure the date he signs pleadings should be noted beside his signature and his factual statements should be signed under penalty of perjury.

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion of Out of Time for Reconsideration (Doc. 37). The Notice of Appeal is considered filed in this Court on August 25, 2025, and the appeal was transmitted to the Court of Appeals on August 27, 2025. (*See* Docs. 38 & 40).

## II.    MOTION TO PROCEED IN FORMA PAUPERIS

A prisoner seeking to proceed *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence, and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the . . . notice of appeal." 28 U.S.C. § 1915(a)(1)-(2).

Plaintiff's IFP Motion is woefully inadequate. He has not provided a certified copy of his trust fund account for the 6-month period prior to filing his appeal. Nor did he attach an

2

affidavit or sign the IFP Motion under penalty of perjury. Significantly, this is not the first time Plaintiff has filed an inadequate motion to proceed *in forma pauperis*. This is Plaintiff's *modus operandi*. The Appealed Order outlines, Plaintiff's familiarity with and failure to comply with the requirements to obtain IFP status, stating:

> Plaintiff is well familiar with the requirements to obtain IFP status in a federal court as he has filed previous actions in the Northern, Middle, and Southern Districts of Georgia in which he requested IFP status. The Court's review of cases in this District reflects that multiple orders, including show cause orders, were entered in two other cases because Plaintiff failed to provide the required certified copy of his inmate trust account. *See* [*Townes v. Pinero*, No. 7:22-cv-10 (M.D. Ga. Jan. 31, 2022)] (order noting Townes was provided several opportunities to comply with the requirements to provide supporting documentation for his IFP motion) and [*Townes v. Davis*, No. 7:23-cv-62 (M.D. Ga. July 10, 2023)] (order for plaintiff to respond to prior order requiring him to file certified copy of trust fund account and to show cause why his case should not be dismissed for failure to comply with the court's order).

Appealed Order 5 (footnote omitted).

Accordingly, the IFP Motion (Doc. 39) is **DENIED** for Plaintiff's failure to properly support his request in accordance with the relevant requirements. However, within fourteen (14) days of the entry of this Order (or not later than **Friday, September 12, 2025**), Plaintiff is free to submit his motion to proceed *in forma pauperis* to the Eleventh Circuit Court of Appeals or within that same time period, Plaintiff must pay the required filing fees. *See* Fed. R. App. P. (upon filing a notice of appeal, the appellant must pay the district court the required filing fees); *see also* 11th Cir. R. 42-1 (providing appellant fourteen days to remedy failures to comply with applicable rules).

**SO ORDERED**, this 29th day of August 2025.

/s/W. Louis Sands  
**W. LOUIS SANDS, SR. JUDGE**  
**UNITED STATES DISTRICT COURT**